J-S40012-17-J-S40013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMANUEL RENTERIA | : | |
| | : | |
| Appellant | : | No. 2656 EDA 2016 |

Appeal from the Judgment of Sentence July 15, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003746-2015


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMANUEL RENTERIA | : | |
| | : | |
| Appellant | : | No. 2657 EDA 2016 |

Appeal from the Judgment of Sentence July 15, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003898-2015

BEFORE: OTT, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 02, 2017**

In this consolidated appeal, Appellant, Emmanuel Renteria, appeals at 2657 EDA 2016 from the judgment of sentence entered in the Court of Common Pleas of Chester County after a jury convicted him of multiple

_____

[*] Former Justice specially assigned to the Superior Court.

counts of theft, robbery, aggravated assault, simple assault, recklessly endangering another person, terroristic threats and conspiracy. In the companion case at 2656 EDA 2016, Appellant appeals from the judgment of sentence entered following his guilty plea to three counts of robbery and one count of conspiracy.

The trial court imposed consecutive sentences in both cases, with an aggregate sentence of 14 ½ to 29-year sentence applying to the case at 2657 EDA 2016, and a 14 to 28-year sentence at 2656 EDA 2016. The total aggregate sentence for the two cases, therefore, was 28 ½ to 57 years' incarceration.

In the present appeals, Appellant challenges the discretionary aspects of his sentence in both cases. He also contends that his guilty plea at 2657 EDA 2016 was the invalid product of the court's failure to advise him beforehand of the possibility of consecutive sentences. We decline to review these challenges, however, because Appellant has failed to preserve them in accordance with our rules of criminal procedure and interpretive decisional law. We, therefore, affirm.

Pennsylvania law on issue preservation with respect to guilty pleas and discretionary aspects of sentencing requires an appellant to have first raised the claim with the trial court:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. ***Commonwealth v.***

*Tareila*, 895 A.2d 1266, 1270 n. 3 (Pa.Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

Likewise:

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa.Super. 2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009).

*Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa.Super. 2013).

Furthermore, it is well-settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before this Court can address such a discretionary challenge, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Allen*, 24 A.3d at 1064.

Where the appellant's brief does not include a statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f), and the Commonwealth objects in its brief to the omission, the appellant's technical noncompliance represents a fatal defect within appellant's appeal. *Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa.Super. 2012) ("If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim."); *see also Commonwealth v. Brougher*, 978 A.2d 373, 375 (Pa.Super. 2009) ("[C]laims relating to the discretionary aspects of a sentence are waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the opposing party objects to the statement's absence."); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987)

(failure to comply with procedural requirements for review of discretionary aspects of sentence claims is fatal to claim).

In the case *sub judice*, the record confirms that Appellant neither lodged an objection during the guilty plea colloquy nor filed a subsequent motion with the trial court to withdraw the plea. In accordance with established precedent cited above, therefore, we decline to review Appellant's challenge to the validity of his plea.

Likewise, we agree with the Commonwealth's objection raised in each appeal that Appellant's discretionary aspects of sentencing claim therein is waived for his failure to include a Rule 2119(f) statement in his brief.

For the foregoing reasons, we affirm judgments of sentence entered in the above-captioned matters.

Judgments of sentence are AFFIRMED.
Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2017